Matthew D. Francis, SBN 6978
mfrancis@bhfs.com
Arthur A. Zorio, SBN 6547
azorio@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
5371 Kietzke Lane
Reno, NV  89511
Telephone:  775.324.4100
Facsimile:  775.333.8171

Attorneys for Plaintiff Blank Shirts, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BLANK SHIRTS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT MORRISON, an individual, dba BLANKSHIRTSINC.COM,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT**<br><br>**(JURY DEMAND)** |

Plaintiff Blank Shirts, Inc. ("BSI" or "Plaintiff"), by and through its attorneys Brownstein Hyatt Farber Schreck, LLP, for its Complaint against Scott Morrison, dba blankshirtsinc.com ("Morrison" or "Defendant"), alleges the following:

**Jurisdiction and Venue**

1. This action arises under the Lanham Act, Title 15 U.S.C. § 1051, et seq., and the common law.  This Court has subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121, because this action arises under the laws of the United States.  This Court also has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. § 1367(a).  Upon information and belief, events giving rise to this action have occurred in this judicial district.  Therefore, Defendant should reasonably expect that his activities might have consequences in this district.

2. Upon information and belief, venue is proper in this judicial district pursuant to Title 28 U.S.C. § 1391(b), and in the unofficial Northern (Reno) Division of the District of Nevada.

**Parties**

3. Plaintiff BSI is a Nevada corporation, with its principal place of business located at 1780 Forrest Way, Carson City, Nevada 89706.

4. Defendant Morrison is an individual who resides at 6298 Mt. Pinos Ct., Rancho Cucamonga, California 91737, and who has done business as www.blankshirtsinc.com.

**Facts**

5. BSI is the owner of all common law rights in the service marks "blankshirts.com" and "Blank Shirts" (collectively "Plaintiff's Marks"), which it has used continuously in commerce since at least September of 1999 for online retail and wholesale store services, featuring clothing. BSI is the owner of incontestable U.S. Trademark Registration No. 3,227,280 ("'280 Reg.") for its blankshirts.com® mark, as well as Nevada State Trademark Registration Nos. E0193782006-2 and E0193782006-4 or its "Blank Shirts" mark, which protect the aforementioned services. Copies of these Registrations are attached respectfully hereto as Exhibits A-C.

6. Since the adoption of Plaintiff's Marks, over $640,815.00 has been spent advertising and promoting those Marks, and millions of dollars have been made from the use of those Marks in the United States.

7. Prior to the unauthorized and infringing use of the "blankshirtsinc.com", "Blank Shirts Inc", and "blankshirtsinc" marks ("Infringing Marks") by Defendant Morrison, Plaintiff's Marks had become recognized and relied upon by consumers as identifying the quality services of BSI and distinguishing those services from the services of others. Plaintiff's Marks therefore represent the goodwill belonging exclusively to BSI.

8. Upon information and belief, commencing after BSI's adoption and use of Plaintiff's Marks, Morrison registered the domain name www.blankshirtsinc.com and has willfully and maliciously participated in the provision of online retail and wholesale store

services, featuring clothing under the marks "blankshirtsinc.com" and "Blank Shirts Inc." A true and correct copy of Morrison's domain name registration of blankshirtsinc.com found at https://whois.icann.org/en/lookup?name=blankshirtsinc.com is attached hereto as Exhibit D. True and correct copies of excerpts from Morrison's www.blankshirtsinc.com web site are attached collectively hereto as Exhibit E.  Additionally, upon information and belief, Morrison owns and operates https://twitter.com/blank_shirts, which advertises his goods under the Infringing Marks.  A copy of https://twitter.com/blank_shirts is attached hereto as Exhibit F.

9. Morrison's unauthorized use of the Infringing Marks created and/or creates a likelihood of confusion, mistake, and deception as to the affiliation, connection, association, origin, sponsorship or approval of their services, all to BSI's irreparable loss and damage.  Upon information and belief, this likelihood of confusion will continue to occur as a result of the acts of Morrison complained of herein, unless Morrison is enjoined from engaging in said acts. Furthermore, BSI will suffer irreparable injury to their reputation and goodwill unless Morrison is so enjoined.

10. BSI has been damaged by Morrison's willful misconduct in an amount according to proof.

**CLAIM I**

**(Trademark Infringement - 15 U.S.C. § 1114(a))**

11. BSI repeats, realleges, and reiterates each and every paragraph set forth above as if fully set forth herein.

12. By the acts complained of herein, Morrison has used in connection with his services a reproduction, counterfeit, copy or colorable imitation of BSI's blankshirts.com Mark protected by the '280 Reg. in connection with the sale, offering for sale, distribution and advertising of his services, and such use is likely to cause confusion, mistake and deception amongst the consuming public in violation of 15 U.S.C. § 1114(a).

13. Morrison's aforesaid acts have caused and will continue to cause great and irreparable injury to BSI and, unless such acts are restrained by this Court, such acts will continue and BSI will therefore continue to suffer great and irreparable injury.

16257224

3

14. BSI has been damaged by Morrison's willful infringement in an amount according to proof.

## CLAIM II

### (Lanham Act Violation - 15 U.S.C. § 1125(a))

15. BSI repeats, realleges, and reiterates each and every paragraph set forth above as if fully set forth herein.

16. By the acts complained of herein, Morrison has used in connection with its services a false designation of origin, description or representation, including use of the Infringing Marks which is likely to cause confusion, mistake or to deceive as to origin, affiliation, connection, sponsorship or association of Morrison with BSI, or as to the origin, sponsorship or approval of Morrison's services by BSI, in violation of 15 U.S.C. § 1125(a).

17. Morrison's aforesaid acts have caused and will continue to cause great and irreparable injury to BSI and, unless such acts are restrained by this Court, such acts will continue and BSI will therefore continue to suffer great and irreparable injury.

18. BSI has been damaged by Morrison's willful unfair competition in an amount according to proof.

## CLAIM III

### (Unfair Competition at Common Law)

19. BSI repeats, realleges, and reiterates each and every paragraph set forth above as if fully set forth herein.

20. The aforesaid acts of Morrison constitute the sale and passing-off of his services as BSI's services, infringement, imitation and misappropriation of BSI's Marks, unjust enrichment, and unfair competition with BSI, in violation of BSI's rights at common law.

21. Morrison's aforesaid acts have caused and will continue to cause great and irreparable injury to BSI and, unless such acts are restrained by this Court, such acts will continue and BSI will therefore continue to suffer great and irreparable injury.

22. BSI has been damaged by Morrison's willful unfair competition in an amount according to proof.

## CLAIM IV

**(Trademark Infringement - NRS 600.420, et seq.)**

23. BSI repeats, realleges and reiterates each and every paragraph set forth above as if fully set forth herein.

24. By the acts complained of herein, Morrison has used in connection with his business a reproduction, counterfeit, copy or colorable imitation of the "Blank Shirts" Mark protected by BSI's Nevada State Trademark Registration Nos. E0193782006-2 and E0193782006-4. Specifically, Morrison has used BSI's Blank Shirts Mark in connection with the sale, offering for sale, distribution and advertising of online retail store services, and such use is likely to cause confusion, mistake and deception amongst the consuming public in violation of NRS 600.420, et seq.

25. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to BSI and, unless such acts are restrained by this Court, such acts will continue and BSI will therefore continue to suffer great and irreparable injury.

26. BSI has been damaged by Morrison's willful infringement in an amount according to proof.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court for the following relief:

1. That the Court find and declare that the Defendant has infringed Plaintiff's Marks and the corresponding '280 Reg. and Nevada State Trademark Registration Nos. E0193782006-2 and E0193782006-4, and has competed unfairly with Plaintiff, and otherwise has been unjustly enriched;

2. That Plaintiff be awarded its damages and Defendant's profits attributable to Defendant's infringement of Plaintiff's Marks under 15 U.S.C. § 1117(a) and NRS 600.430;

3. That Plaintiff be awarded three times the profits attributable to Defendant's infringement of Plaintiff's Marks under 15 U.S.C. § 1117(a);

4. That Plaintiff be awarded its reasonable attorneys' fees and costs of suit, under 15

U.S.C. § 1117(a) and NRS 600.430;

    5.    That an accounting be undertaken to determine the amount of a constructive trust to be established for the benefit of Plaintiff, reflecting the value of Defendant's unjust enrichment gained through their acts complained of herein;

    6.    That Plaintiff be awarded prejudgment and post-judgment interest on any monetary award;

    7.    That an injunction be issued against the Defendant and its servants, agents, employees, successors and assigns, and all persons acting in concert or privity with them, enjoining each of them, singly and collectively, from: (a) using, promoting, advertising, and marketing the Infringing Marks, or any name, mark or designation confusingly similar thereto; (b) holding themselves out to the public as being affiliated with or sponsored by Plaintiff in any manner, or committing any acts likely to imply any such relationship or affiliation; and (c) requiring Defendant to deliver to Plaintiff for destruction all material in his possession, custody or control bearing the Infringing Marks, or any other names, marks or designations confusingly similar thereto;

    8.    That an order be issued preventing Defendant's infringement and unfair competition and awarding all applicable damages for Defendant's conduct;

    9.    That an order be issued requiring Defendant to transfer the domain name blankshirtsinc.com to Plaintiff;

    10.    That an order be issued requiring Defendant to cease using and to cancel his registration of https://twitter.com/blank_shirts; and

    11.    That the Court grant Plaintiff such other relief as is just and proper.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Blank Shirts, Inc. hereby demands a trial by jury on all issues triable by jury.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5371 Kietzke Lane
Reno, NV 89511
775.324.4100

DATED this 22nd day of December, 2017

                                BROWNSTEIN HYATT FARBER SCHRECK, LLP

                                By: */s/ Matthew D. Francis*
                                    Matthew D. Francis
                                    Arthur A. Zorio
                                    5371 Kietzke Lane
                                    Reno, NV 89511

                                Attorneys for Plaintiff Blank Shirts, Inc.

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
5371 Kietzke Lane
Reno, NV 89511
775.324.4100